IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATES OF AMERICA**

    v.

**DEMETREAS ANTONIO WATIER,**

        Defendant.

No. 3:16-cr-00026-MO-1

OPINION AND ORDER

**MOSMAN, J.,**

    This case comes before me on Defendant Demetreas Antonio Watier's Motion to Reduce Sentence [ECF 83]. Specifically, Mr. Watier moves the court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Br. in Support [ECF 99]. In a minute order, I DENIED Mr. Watier's motion. [ECF 107]. I write further here to explain why.

## DISCUSSION

    Compassionate release is a statutory exception to the rule that a court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). Upon a proper motion, the court may reduce a term of imprisonment if, after considering applicable factors set forth in § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). A defendant must exhaust administrative remedies

1 – OPINION AND ORDER

before moving the court for compassionate release. *Id.* The Government concedes that Mr. Watier has exhausted his administrative remedies. Resp. [ECF 104] at 3.

Mr. Watier suffers from obesity and claims to have a history of breathing issues. The Government concedes that Mr. Watier "has some conditions that qualify as extraordinary and compelling." *Id.* at 4. I agree.

However, I must also consider applicable factors under 18 U.S.C. § 3553(a) to determine whether a sentence reduction is warranted. Among other considerations, I must consider the need for the sentence "to promote respect for the law," "to provide just punishment for the offense," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(A)–(C).

Mr. Watier is serving a 175-month sentence for conspiracy to distribute controlled substances. J. & Commitment [ECF 63] at 1–2. He is incarcerated at Sheridan FCI and is not set to be released until January 27, 2029. He was sentenced in 2016 after entering into a plea agreement, in which he agreed that he is a career offender, Plea Agreement [ECF 44] ¶ 6, and stipulated that "a firearm was present and connected with [his] drug distribution conspiracy," *id.* ¶ 10(A). In his current briefing, Mr. Watier admits that the facts that led to his guilty plea are "undeniably serious," Reply [ECF 106] at 9, and he acknowledges that he has taken responsibility for three handguns found during the execution of search warrants, *id.* at 10. Although it appears he has made great strides since his conviction, and should be commended for doing so, Mr. Watier has yet to serve even half his sentence. Considering the nature of the crime and the low percentage of time served, I find the applicable factors set forth in § 3553(a) to weigh heavily against granting Mr. Watier's request for compassionate release.

//

//

**CONCLUSION**

For the foregoing reasons, I DENY Mr. Watier's Motion to Reduce Sentence [ECF 83].

IT IS SO ORDERED.

DATED this _____ day of January, 2021.

MICHAEL W. MOSMAN
United States District Judge

3 – OPINION AND ORDER