IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DEMETREAS ANTONIO WATIER,<br><br>Defendant. | Case No.: 3:16-cr-00026-AN-1<br><br>OPINION AND ORDER |

On March 27, 2023, defendant Demetreas Antonio Watier filed this Motion to Reduce Sentence and Motion to Appoint Counsel, ECF [114]. Defendant moves this court, for a second time, for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and requests appointment of counsel "[d]ue to the complexities presented in this motion and the fact intensive inquiry in resolving such complexities." For the reasons set forth below, both motions are DENIED.

## LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A)(i), this Court may modify a term of imprisonment that has already been imposed through compassionate release when four conditions are met: (1) The defendant has fully exhausted all administrative remedies; (2) extraordinary and compelling reasons warrant a sentence reduction; (3) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and (4) the reduction is warranted after consideration of the applicable factors outlined in 18 U.S.C. § 3553(a). The defendant bears the burden of proving that each condition is met. 18 U.S.C. § 3582(c)(1)(A). The government concedes that defendant has exhausted his administrative remedies.

## DISCUSSION

Defendant is currently serving a 175-month sentence for conspiracy to distribute controlled substances. J. & Commitment [ECF 63] at 1-2. He was sentenced on July 28, 2016, and is currently

incarcerated at FCI Sheridan. Defendant is set to be released on February 22, 2029. By entering into a plea agreement, defendant agreed that he is a career offender and that "a firearm was present and connected with defendant's drug distribution conspiracy." Plea Agreement ECF [44] ¶¶ 6, 10(A).

Defendant previously filed a motion for compassionate release in November 2020, ECF [99]. Judge Mosman denied that motion in January 2021, ECF [107]. In his November 2020 motion, defendant alleged that his obesity, hypertension, and breathing issues made him particularly vulnerable to health complications or death if he contracted COVID-19. At the time, the government conceded that defendant "ha[d] some conditions that qualif[ied] as extraordinary and compelling," and Judge Mosman agreed. Although the nature of the COVID-19 pandemic has improved since defendant's last motion for compassionate relief, this Court does not find it necessary to determine whether defendant's health conditions still constitute extraordinary and compelling reasons to justify compassionate release.

In reviewing a motion for compassionate release, this court must consider, among other factors, the need for the sentence imposed "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[,] (B) to afford adequate deterrence to criminal conduct[,] [and] (C) to protect the public from further crimes of the defendant[.]" 18 U.S.C. § 3553(a)(2)(A)-(C). Judge Mosman denied defendant's November 2020 motion for compassionate relief due to the nature of the crime and the low percentage of time served. Defendant's present motion for compassionate relief provides no new reasons for why these factors should be assessed differently at this time.[1] Defendant's underlying offense was very serious: while on probation for a 2014 conviction for delivery of controlled substances, defendant admitted to selling drugs, to owning two kilograms of cocaine and multiple pounds of methamphetamine, and to owning a handgun that he obtained to protect himself in the narcotics business. Defendant has served just under seven years of his sentence and has approximately

---

[1] One of defendant's arguments, that one of the three convictions that was used to classify him as a career offender was made by a non-unanimous jury, was already raised and considered in defendant's November 2020 motion for compassionate release. Defendant also raises arguments regarding the conditions of confinement at FCI Sheridan. However, this Court has serious concerns about the accuracy of these allegations because it appears that defendant has utilized a prior motion filed by a different defendant, and merely inserted his own name in place of the other defendant.

five years and eight months remaining on his sentence. Given the nature of defendant's crime and the amount of time remaining on defendant's sentence, and the lack of new reasons for granting compassionate release, the Court finds that the factors outlined in 18 U.S.C. § 3553(a) still weigh against granting compassionate release.

Because defendant has not demonstrated a likelihood of success on the merits, his motion for appointment of counsel is denied.

## CONCLUSION

Accordingly, defendant's Motion to Reduce Sentence and Motion to Appoint Counsel, ECF [114], are DENIED.

IT IS SO ORDERED.

DATED this 8th day of June, 2023.

Adrienne Nelson
United States District Judge